IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CARLOS JULIO MEDINA GARCIA,          *

    Petitioner,                              *

v.                                        *          Civil Action No. GLR-26-1269

KRISTI NOEM, et al.,                      *

    Respondents.                             *

                                 *
                             ***

### **ORDER**

Pending before the Court is Petitioner Carlos Julio Medina Garcia's Motion for Temporary Restraining Order, filed March 31, 2026 (ECF No. 4). No hearing is necessary. See Local Rule 105.6 (D.Md. 2025). For the reasons outlined below, the Court will grant the Motion.

Medina Garcia is a fifty-six-year-old native and citizen of Colombia. (Mot. TRO ["Mot."] at 2, ECF No. 4).[1] He entered the United States on August 21, 2022, after which he applied for asylum, withholding of removal, and protection under the Convention Against Torture. (Pet. Writ Habeas Corpus ["Pet."] ¶ 1, ECF No. 1). An immigration judge granted Medina Garcia withholding of removal on October 9, 2024. (Id.). A year later, on October 16, 2025, Medina Garcia reported to Immigration and Customs Enforcement ("ICE") in Baltimore, where ICE officers detained him without a warrant. (Mot. at 3).

---

[1] Unless otherwise noted, citations to the page numbers refer to the pagination assigned by the Court's Case Management/Electronic Case Files ("CM/ECF") system.

Medina Garcia filed a Petition for Writ of Habeas Corpus but later dismissed the Petition voluntarily after ICE released him under an order of supervision. (Id.).

Medina Garcia states that he complied with his order of supervision following his release. (Id.). He reported to ICE on March 27, 2026, and had a home visit scheduled for April 1, 2026. (Id. at 2–3). On March 30, 2026, however, ICE instructed Medina Garcia to report to ICE in-person on March 31, 2026. (Id.). On March 31, 2026, Medina Garcia reported to ICE in Baltimore, as instructed, and was detained without a warrant once again. (Id.). He is currently being held at the ICE Baltimore Field Office. (Id.).

On March 31, 2026, following his arrest, Medina Garcia filed a Petition for Writ of Habeas Corpus, alleging violations of the Fourth and Fifth Amendments, the Mandamus Act, 28 U.S.C. § 1361, and the Administrative Procedure Act. (Pet. ¶¶ 22–44).[2] He seeks immediate release and a declaration that his detention is unlawful. (Id. at 13). Medina Garcia later filed the instant Motion for Temporary Restraining Order, requesting his immediate release due to a heart condition for which he does not have access to medication while detained. (Mot. at 1, 11).

To prevail in a motion seeking injunctive relief, the movant must demonstrate: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm in the absence of injunctive relief; (3) that the balance of equities are in his favor; and (4) that the relief requested is in the public's interest. Winter v. Nat. Res. Def. Council, 555 U.S. 7, 20 (2008).

---

[2] The Government received notice of the Petition on March 31, 2026. (ECF No. 3). The Government has not had an opportunity to respond to the Motion for Temporary Restraining Order. Considering the potential threat to life, as discussed in this Order, the Court is compelled to act immediately.

When, as here, the Government opposes a motion for injunctive relief, the balance of equities and public interest factors merge. Miranda v. Garland, 34 F.4th 338, 365 (4th Cir. 2022) (quoting Nken v. Holder, 556 U.S. 418, 435 (2009)). For the reasons stated below, the Court finds that Medina Garcia satisfies the four Winter factors.

First, Medina Garcia has shown a likelihood of success on the merits of his Fifth Amendment claim.[3] In his Petition, Medina Garcia asserts that ICE violated his due process rights—i.e., his right to notice and an opportunity to be heard—when they detained him "without a warrant, without prior notice, and without providing any explanation for the revocation of his supervised release." (Pet. ¶ 25). Indeed, as this and many other courts have held, the failure to provide non-citizens with notice and an opportunity to be heard in connection with the revocation of an order of supervision constitutes a due process violation. See Funes v. Francis, 810 F.Supp.3d 472, 499–501 (S.D.N.Y. 2025); Cherisme v. Moniz, No. CV 25-13690-MJJ, 2025 WL 3759531, at *3 (D.Mass. Dec. 30, 2025); Santamaria Orellana v. Baker, No. TDC-25-1788, 2025 WL 2444087, at *5–8 (D.Md. Aug. 25, 2025); Rombot v. Souza, 296 F.Supp.3d 383, 385, 387–88 (D.Mass. 2017); Ceesay v. Kurzdorfer, 781 F.Supp.3d 137, 162–66 (W.D.N.Y. 2025); see also Mot. Hr'g Tr. 35:19–37:25, Cordon-Salguero v. Noem, No. GLR-25-1626 (D.Md. June 23, 2025) (ECF No. 21); Mar. 5, 2026 Order at 3, Lemus Cardona v. Noem, No. DLB-26-606 (D.Md. Mar. 5, 2026) (ECF No. 20). In light of these holdings and Medina Garcia's allegations that he received neither notice nor an opportunity to be heard before ICE revoked his order of supervision,

---

[3] Because the Court grants relief based on this claim, it declines to address Medina Garcia's other claims.

3

the Court finds that Medina Garcia has established a likelihood of success on the merits of his Fifth Amendment due process claim.

Second, Medina Garcia has demonstrated a likelihood of irreparable harm in the absence of injunctive relief. Specifically, Medina Garcia alleges that he suffers from a heart condition for which he takes medication and that he currently does not have access to his medication. (Mot. at 6). He states that his medication is necessary to manage his heart condition and that he faces "[t]he risk of adverse health consequences, including potentially severe or life-threatening complications," if he remains without his medication. (Id.). Based on these allegations, Medina Garcia has established that he is likely to suffer potentially life-threatening medical complications in the absence of relief from the Court. See Mar. 5, 2026 Order at 4, Lemus Cardona v. Noem, No. DLB-26-606 (D.Md. Mar. 5, 2026) (ECF No. 20). The Court also finds that Medina Garcia has demonstrated a likelihood of irreparable harm in the absence of injunctive relief by virtue of his meritorious Fifth Amendment claim, as "a deprivation of a constitutional right, 'for even minimal periods of time, unquestionably constitutes irreparable injury.'" Miranda, 34 F.4th at 365 (quoting Elrod v. Burns, 427 U.S. 347, 373 (1976)).

As to the final two factors, the Court finds that the balance of equities tip in Medina Garcia's favor and that the requested relief is in the public's interest. Medina Garcia alleges that he has no criminal record and that he has stable employment in Laurel, Maryland, where his family, community, and local counsel are located. (Mot. at 8, 10). He states further that he complied with his order of supervision without incident prior to his arrest on March 31, 2026. (Id. at 3). While the Court acknowledges that, generally, the

Government has an interest in enforcing immigration laws, the Court finds that, based on the facts alleged in the Petition and the instant Motion, the final two factors weigh in favor of granting the requested relief. See Mar. 5, 2026 Order at 4, Lemus Cardona v. Noem, No. DLB-26-606 (D.Md. Mar. 5, 2026) (ECF No. 20).

At bottom, the Court finds that Medina Garcia has satisfied the four Winter factors and concludes that Medina Garcia is entitled to the requested relief. Accordingly, it is this 31st day of March, 2026, by the United States District Court for the District of Maryland, hereby:

ORDERED that Medina Garcia's Motion for Temporary Restraining Order (ECF No. 4) is GRANTED. The Court finds that Medina Garcia need not pay nominal security because the Government will not sustain any damage as a result of being wrongfully enjoined or restrained;

IT IS FURTHER ORDERED that Respondents shall IMMEDIATELY RELEASE Medina Garcia from custody under the same order of supervision that was in place before his arrest on March 31, 2026;

IT IS FURTHER ORDERED that the Parties shall CONSULT with one another and FILE either a joint briefing schedule or a Joint Notice, informing the Court of the Parties' desired course of action regarding Medina Garcia's Petition (ECF No. 1) by April 6, 2026; and

IT IS FURTHER ORDERED that the Clerk shall PROVIDE a copy of this Order to all counsel of record and ELECTRONICALLY TRANSMIT a copy of this Order to the

Chief of the Civil Division of the United States Attorneys' Office for the District of Maryland.

_____/s/_____
George L. Russell, III
Chief United States District Judge
